UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 107.131.126.182,<br><br>        Defendant. | Case No. 24-cv-07600-RFL<br><br>**ORDER DENYING MOTION TO ALLOW PLAINTIFF TO FILE DEFAULT PAPERS ON THE PUBLIC DOCKET**<br><br>Re: Dkt. No. 20 |

      This is an action involving Defendant John Doe's alleged copyright infringement of Plaintiff Strike 3 Holdings, LLC's ("Strike 3") adult motion pictures. Strike 3 now seeks to file default papers on the public docket containing Defendant's unredacted name. (Dkt. No. 20.) For the reasons articulated below, Strike 3's motion is **DENIED**.

      *Background.* Strike 3 brought this action on November 1, 2024, alleging that Defendant is engaging in ongoing copyright infringement by anonymously downloading and distributing Strike 3's adult films using BitTorrent. (Dkt. No. 1.) In its Complaint, Strike 3 identified Defendant as John Doe Subscriber Assigned IP Address 107.2131.126.182. (Dkt. No. 1 ¶ 5.) In order to obtain Defendant's true identity, Strike 3 moved *ex parte* for leave to serve a third-party subpoena on Defendant's internet service provider ("ISP"). (Dkt. No. 7.) On November 15, 2024, after determining good cause existed, the Court granted Strike 3's motion for leave to subpoena the ISP. (Dkt. No. 8.)

      The ISP identified Defendant as the subscriber to the IP address and provided their residential address. (Dkt. No. 12-1 ¶ 52.) Through its investigation, Strike 3 determined that

1

the address was a single-family home where Defendant resided during the period of infringement, with the Defendant's spouse as the only other occupant.  (Dkt. No. 12-1 ¶¶ 53-57.)  Strike 3 also provided further allegations indicating the Defendant's use of the same IP address to download what appears to be additional acts of copyright infringement.  (Dkt. No. 12-3 ¶ 64.)  This included files related to Defendant's career, which was ascertained through Defendant's publicly available social media.  (Dkt. No. 12-3 ¶¶ 62-64.)

Strike 3 filed an amended complaint with Defendant's identity redacted on February 25, 2025.  (Dkt. No. 11.)  That same day, Strike 3 moved *ex parte* to file an unredacted amended complaint under seal, which the Court granted on March 18, 2025.  (Dkt. Nos. 12, 13.)  However, Defendant did not respond to Strike 3's complaint or appear before the court after being served.  Strike 3 now moves to vacate the court's protective order to allow default papers to be filed on the public docket.  (Dkt. No. 20.)

*Discussion.*  In considering whether sealing is appropriate, courts balance the public's interest in access to judicial records with the "parties' interest in sealing certain information[,]" considering the "potential harm of releasing that information."  *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1221–22 (C.D. Cal. 2024).  Parties are required to show a compelling reason supported by specific facts to seal documents relating to dispositive motions, while parties need only make a particularized showing of good cause to seal documents relating to non-dispositive motions.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  This is because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'"  *Id.*

In this case, Strike 3's filing of a motion to enter default is a non-dispositive motion.  Therefore, the good cause standard applies.  Under the good cause standard, courts must not only consider whether there is a showing of particularized harm, but also balance public and private interests, and where appropriate, the possibility of redacting sensitive materials.  *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 725 (E.D. Cal. 2021).  Such public and private interests take into

account whether disclosure of the information will cause a party embarrassment or violate any privacy interests, and whether the case involves issues important to the public. *Id.* at 725.

As a preliminary matter, the evidence supports a reasonable inference at this early stage that Defendant is the person who downloaded the infringing content in this case. *See Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018) (applying the reasonable inference standard in a copyright infringement case). The reasonable inference standard is a low threshold, requiring only that the factual allegations, when taken as true and construed in the light most favorable to the plaintiff, raise the right to relief above speculation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2006); *contrast Strike 3 Holdings, LLC v. Doe*, No. 2:21-CV-0199-TLN-CKD, 2021 WL 5263849, at *1 (E.D. Cal. Oct. 15, 2021) (finding that the allegations did not support a reasonable inference that the identified defendant was the alleged infringer because the complaint lacked details such as the physical address linked to the IP address). Here, Strike 3 alleges that Defendant used BitTorrent to download what appears to be copyrighted materials related to his career, which suggests that Defendant is also responsible for the adult film downloads via BitTorrent from that same IP address. While Strike 3's investigation was not exhaustive, it reflects what could reasonably be uncovered without the benefit of discovery, which was unavailable due to Defendant's failure to appear. To require more would allow defendants to avoid liability simply by not appearing before the Court.

Nonetheless, there is good cause to keep Defendant's identity sealed.[1] The disclosure of Defendant's consumption of adult films is likely to create embarrassment, humiliation, and damage their reputation. *See Strike 3 Holdings, LLC v. Doe*, No. 20-CV-2117 TWR (LL), 2021

---

[1] For the same reasons, there would likely be a sufficiently compelling reason to keep Defendant's identity sealed in the context of a dispositive motion. *Strike 3 Holdings, LLC v. Doe*, No. 20-CV-2117 TWR (LL), 2021 WL 1165108, at *1 (S.D. Cal. Mar. 26, 2021) (finding the compelling reason standard met on similar facts due to the nature of the content at issue and the public's ability to access all available information regarding the action apart from the defendant's identity). Redacted filings without Defendant's name are sufficient to satisfy the public's interest in the litigation.

WL 1165108, at *1 (S.D. Cal. Mar. 26, 2021) (sealing name at the complaint stage under similar factual circumstances); *see also Strike 3 Holding, LLC, v. Doe*, No. 25-CV-03111-PHK, 2025 WL 1676273, at *6 (N.D. Cal. June 13, 2025) (recognizing the "sensitive" and "highly personal nature" of being associated with watching adult motion pictures).  By contrast, Strike 3 has not sufficiently articulated the public's interest in knowing Defendant's identity at this stage of the case, which appears to be minimal.  Indeed, the possibility that identity exposure in these types of cases may be used to coerce defendants into settlements—even if they have meritorious defenses to infringement—undercuts the public interest.

      For the reasons stated above, the motion to vacate the court's protective order is **DENIED**.

      **IT IS SO ORDERED.**

Dated: July 21, 2025

                                              RITA F. LIN
                                              United States District Judge